UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

**JUSTIN COLIN DeNARDO,**                      CASE NO.: 26-00300-5-DMW
                                               CHAPTER 13
DEBTOR(S)

                                          )
**JUSTIN COLIN DeNARDO,**                 )
                                          )
   Plaintiff,                             )
                                          )   ADVERSARY PROCEEDING NO.:
   vs.                                    )   _____
                                          )
**C3 RENTALS, LLC,**                      )
                                          )
   Defendant                              )

**COMPLAINT FOR DAMAGES, SANCTIONS, AND CORRECTIVE RELIEF FOR
WILLFUL VIOLATION OF THE AUTOMATIC STAY**

NOW COMES Justin Colin DeNardo ("Plaintiff" or "Debtor"), by and through his undersigned counsel, and files this Complaint against C3 Rentals, LLC ("Defendant" or "C3"), alleging as follows:

**I. INTRODUCTION AND NATURE OF THE ACTION**

1.    This adversary proceeding seeks redress for Defendant's direct, post-petition collection communications to the Debtor — a represented Chapter 13 debtor — after Defendant had filed a proof of claim in this case.

2.    On April 30, 2026, Defendant sent or caused to be sent a text message stating that the Debtor's account was in default, demanding immediate payment or return of rental property, asserting that the Debtor was in "UNAUTHORIZED POSSESSION" of C3 Rentals' trailer, threatening "further action," and providing a payment link and telephone number.

3.    These communications and related conduct violated the automatic stay of 11 U.S.C. § 362(a). Plaintiff seeks actual damages, attorney's fees and costs, sanctions, injunctive relief, corrective relief, and — in appropriate circumstances — punitive damages, under 11 U.S.C. §§ 362(k) and 105(a).

**II. JURISDICTION AND VENUE**

4.    This proceeding arises in and relates to the Debtor's Chapter 13 case, No. 26-00300-5-DMW.

5.    The Court has jurisdiction under 28 U.S.C. §§ 151, 157, and 1334; this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O); and venue is proper under 28 U.S.C. §§ 1408 and 1409.

6.    To the extent any matter is determined to be non-core, Plaintiff consents, if required, to the entry of final orders and judgment by this Court.

## III. PARTIES

7.    Plaintiff Justin Colin DeNardo is an individual who resides in Johnston County, North Carolina, and who resided in New Hanover County, North Carolina at the time the Bankruptcy Case was filed.

8.    On January 22, 2026, Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Plaintiff is, and at all relevant times has been, represented by undersigned counsel in the Bankruptcy Case.

9.    Defendant C3 Rentals, LLC is a limited liability company engaged in the business of leasing trailers and collecting rental obligations from consumers and businesses, with a principal place of business at 6116 U.S. Highway 98, Hattiesburg, Mississippi. Defendant filed its proof of claim in this case in the name "C3 Rentals."

10.    Defendant is engaged in commerce and maintains collection operations, including the operations that generated the April 30, 2026 communication to the Debtor concerning his account.

11.    Defendant is the original creditor on the obligation at issue. In Proof of Claim No. 4, Defendant represented that the claim had not been acquired from any other person or entity.

12.    Defendant directed that notices and payments be sent to it, Attn: Managing Officer/Agent, at 6116 U.S. Highway 98, Hattiesburg, MS 39402-8530, and listed a contact telephone number of (629) 262-5027 and a contact email address of cgtatum@c3vllc.com.

13.    Proof of Claim No. 4 was filed on Defendant's behalf by Pope/Partners, LLC, of Auburn, Alabama, as Defendant's authorized agent or counsel, and was signed and declared true under penalty of perjury on March 6, 2026.

## IV. FACTUAL BACKGROUND

14.    Upon the filing of the petition on January 22, 2026, the automatic stay of 11 U.S.C. § 362(a) arose by operation of law and enjoined, among other things, any act to collect a pre-petition claim against the Debtor and any act to obtain possession of or exercise control over property of the estate.

15.    Also on January 22, 2026, the Court issued the Notice of Chapter 13 Bankruptcy Case (Official Form 309I), which set the meeting of creditors for February 17, 2026 and advised creditors that the automatic stay prohibits efforts to collect a debt, including that creditors "cannot demand repayment from debtors by mail, phone, or otherwise," and that creditors who violate the stay "can be required to pay actual and punitive damages and attorney's fees." A true and correct copy of the Notice is attached as Exhibit D.

16.    On February 17, 2026, at the meeting of creditors conducted under 11 U.S.C. § 341(a), Jeremy Pope, an attorney with Pope/Partners, LLC, appeared on behalf of Defendant and examined the Debtor under oath.

17. On March 6, 2026, Defendant, through its counsel, filed Proof of Claim No. 4 in the amount of $1,004.58, asserting pre-petition arrears on a trailer lease and identifying the Debtor by an account number ending in 6418. A true and correct copy of the original Proof of Claim No. 4 is attached as Exhibit B.

18. In the original Proof of Claim No. 4, Defendant represented that the claim was based on a lease and stated the amount necessary to cure the default as of the petition date to be $1,004.58.

19. On June 17, 2026, Defendant filed an amended Proof of Claim No. 4, increasing the asserted claim amount to $18,422.57, identifying the claim as secured by a trailer valued at $10,000.00, and continuing to identify the amount necessary to cure any default as of the petition date as $1,004.58. In the attachment to the amended claim, Defendant stated that the Rental Purchase Agreement is a "true lease," that the agreement allows the Debtor to acquire ownership of the property after satisfying the applicable payment schedule, that the Chapter 13 plan proposes to pay C3 the amount required under the contract for the Debtor to acquire ownership, and that C3 is willing to accept such treatment. A true and correct copy of the amended Proof of Claim No. 4, including the Explanation of Claim and Reservation of Rights, is attached as Exhibit C.

20. By virtue of its counsel's appearance and examination of the Debtor at the February 17, 2026 meeting of creditors and its filing of Proof of Claim No. 4 on March 6, 2026, Defendant had actual knowledge of the Bankruptcy Case and the automatic stay before sending the April 30, 2026 text message and the May 14, 2026 email. Defendant's subsequent amended Proof of Claim No. 4 filed on June 17, 2026 further confirms Defendant's continuing participation in the Bankruptcy Case and its knowledge of the Debtor's treatment of the trailer-lease obligation in the Chapter 13 case.

## V. SPECIFIC CONDUCT OF DEFENDANT

21. On April 30, 2026, at approximately 2:33 p.m., Defendant sent or caused to be sent a text message to the Debtor from short code 40919 stating that the Debtor's "account is in Default," that his "failure to make payment or return rental property has put you in UNAUTHORIZED POSSESSION of C3 Rentals' trailer," and that the account "will have further action taken against it unless payment is received immediately." The message provided a payment link (https://link.c3leasing.com/4rrhaH3) and directed the Debtor to contact Defendant at 629-262-5027 to make payment. A true and correct copy of the April 30, 2026 text message is attached as Exhibit A.

22. The telephone number provided in the April 30, 2026 communication matches the contact telephone number listed on Defendant's original and amended Proof of Claim No. 4, and the communication sought to collect on the same trailer-lease obligation that is the subject of those claims.

23. Upon information and belief, the April 30, 2026 communication was generated pursuant to Defendant's ordinary collection procedures, templates, software systems, or employee training, the details of which remain within Defendant's exclusive possession, custody, and control.

24. On May 14, 2026, at approximately 1:07 p.m., Defendant, through Chip Estes, sent or caused to be sent an email to the Debtor entitled "Request to Resolve Trailer Account," identifying Estes as the "Head Fraud Investigator" for C3 Rentals, LLC, stating that rental payments had ceased and the trailer had not been returned, and asserting that failure to return the property or resolve the balance "will result in further legal review." The email warned that continued failure to communicate or resolve the matter "may result in the case progressing further into the investigative process and being referred for additional legal review," and demanded that the Debtor contact Estes immediately to arrange return of the trailer or bring the account current. A true and correct copy of the May 14, 2026 email is attached as Exhibit E.

25. The signature block of the May 14, 2026 email displayed a large gold, six-point, sheriff-style star badge bearing the words "C3 RENTALS LLC" and a banner reading "FRAUD INVESTIGATOR ESTES," together with a separate star-shaped badge image marked "RETIRED" on a thin-blue-line-style background. The email was sent from the address cestes@c3rmgmt.com and listed C3 Rentals, LLC's address at 6116 Highway 98, Hattiesburg, Mississippi.

26. The April 30, 2026 text message and the May 14, 2026 email were each post-petition communications directed to the Debtor for the purpose of collecting the pre-petition trailer-lease obligation. Upon information and belief, Defendant may have directed additional post-petition communications to the Debtor concerning the account, the full extent of which remains within Defendant's exclusive possession, custody, and control.

## VI. DEFENDANT'S RESPONSE

27. After receiving the April 30, 2026 text message and the May 14, 2026 email, the Debtor, through undersigned counsel, notified Defendant of the communications. Defendant's response did not deny that post-petition communications had been sent to the Debtor.

## VII. DAMAGES

28. As a direct and proximate result of Defendant's conduct, the Debtor suffered actual damages, including anxiety, loss of sleep, interruption of his workday, and lost time in addressing Defendant's communications. Upon receiving the May 14, 2026 email — which was sent by a self-identified "Fraud Investigator" and displayed a sheriff-style badge — the Debtor immediately stopped his work and left to consult a family member, and the Debtor and his family member understood the communication to have originated from law enforcement, specifically a sheriff. The Debtor's anxiety was heightened by Defendant's assertion that he was in "UNAUTHORIZED POSSESSION" of the trailer, its threat of "further action," and the email's references to a "fraud" investigation, an "investigative process," and "legal review," and he reasonably feared criminal or official action, repossession, or other adverse consequences notwithstanding the pending Chapter 13 case. The Debtor slept only a few hours that night. The Debtor contacted a family member and counsel for assistance, and Plaintiff has incurred attorney's fees and costs in identifying, investigating, attempting to resolve, and seeking redress for Defendant's conduct.

## VIII. COUNT ONE — WILLFUL VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362(a)(6) AND (a)(3); § 362(k))

29. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

30. The filing of the petition imposed the automatic stay under 11 U.S.C. § 362(a), and Defendant had actual knowledge of the Bankruptcy Case no later than February 17, 2026 and, in any event, no later than March 6, 2026, when it filed Proof of Claim No. 4.

31. Defendant's April 30, 2026 text message and May 14, 2026 email were each acts to collect, assess, or recover a pre-petition claim against the Debtor in violation of 11 U.S.C. § 362(a)(6).

32. In the alternative, by demanding the immediate return or surrender of the trailer and threatening further action and legal review, Defendant took affirmative acts to obtain possession of, or to exercise control over, property in which the estate and/or the Debtor held possessory and leasehold interests, in violation of 11 U.S.C. § 362(a)(3).

33. Defendant's violation was willful within the meaning of 11 U.S.C. § 362(k) because Defendant knew of the Bankruptcy Case and the automatic stay and intentionally undertook the acts constituting the violation.

34. As a direct and proximate result, Plaintiff suffered actual damages, including emotional distress, disruption, lost time, and attorney's fees and costs, recoverable under 11 U.S.C. § 362(k)(1).

35. To the extent the evidence establishes egregious, reckless, or repeated conduct — including Defendant's transmission of multiple post-petition collection communications, its use of a self-styled "Fraud Investigator" and law-enforcement-style badge imagery to demand payment or return of the trailer, or any pattern of similar communications to debtors in bankruptcy — Plaintiff is entitled to punitive damages under 11 U.S.C. § 362(k)(1).

## IX. COUNT TWO — SANCTIONS AND CORRECTIVE RELIEF (11 U.S.C. § 105(a) AND THE COURT'S INHERENT AUTHORITY)

36. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

37. The automatic stay is a fundamental protection of the Bankruptcy Code, and this Court may issue any order necessary or appropriate to enforce the stay and to remedy its violation under 11 U.S.C. § 105(a).

38. Plaintiff requests that the Court impose appropriate sanctions and order Defendant to cease all direct contact with the Debtor concerning the account; confirm in writing that the account has been correctly coded as a bankruptcy account; identify the source of the April 30, 2026 text message and the May 14, 2026 email; preserve all records of post-petition communications with the Debtor, account notes, coding and suppression records, collection templates, employee-training materials, and SMS-vendor records pending discovery and further order of the Court; and implement safeguards against recurrence.

## X. ATTORNEY'S FEES AND COSTS

39. Plaintiff is entitled to recover reasonable attorney's fees and costs under 11 U.S.C. § 362(k), and requests such additional sanctions or corrective relief as may be appropriate under 11 U.S.C. § 105(a) and the Court's inherent authority.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(a)   Find that Defendant violated the automatic stay imposed by 11 U.S.C. § 362(a);

(b)   Find that Defendant's violation was willful within the meaning of 11 U.S.C. § 362(k);

(c)   Award Plaintiff actual damages, including damages for emotional distress, disruption, and lost time, in an amount to be determined at hearing;

(d)   Award Plaintiff reasonable attorney's fees and costs under 11 U.S.C. § 362(k);

(e)   Award punitive damages under 11 U.S.C. § 362(k)(1) to the extent the evidence shows appropriate circumstances;

(f)   Impose sanctions and corrective relief under 11 U.S.C. § 105(a) and the Court's inherent authority, including an order that Defendant cease direct contact with the Debtor, confirm proper account coding, identify the source of the communications, and preserve the records described above pending discovery and further order of the Court; and

(g)   Grant such other and further relief as the Court deems just and proper.

## EXHIBITS

**Exhibit A —** Text message to the Debtor dated April 30, 2026.

**Exhibit B —** Proof of Claim No. 4, filed March 6, 2026.

**Exhibit C —** Amended Proof of Claim No. 4, filed June 17, 2026, including Explanation of Claim and Reservation of Rights.

**Exhibit D —** Notice of Chapter 13 Bankruptcy Case (Official Form 309I), filed January 22, 2026.

**Exhibit E —** Email dated May 14, 2026 from Chip Estes, "Head Fraud Investigator," C3 Rentals, LLC, entitled "Request to Resolve Trailer Account."

Respectfully submitted, this 19th day of June, 2026.

The Law Offices of Chris Vonderau, PLLC
/s/ Christopher T. Vonderau

Christopher T. Vonderau
NC Bar No. 25019
4022 Shipyard Blvd. #101
Wilmington, NC 28403
910-202-3110
NCLaw98@gmail.com
Attorney for the Plaintiff

# EXHIBIT A

Text message to the Debtor dated April 30, 2026

*DeNardo v. C3 Rentals, LLC  |  Adv. Proc. No. _____  |  Case No. 26-00300-5-DMW*



# EXHIBIT B

Proof of Claim No. 4, filed March 6, 2026

*DeNardo v. C3 Rentals, LLC  |  Adv. Proc. No. _____  |  Case No. 26-00300-5-DMW*

Case 26-00300-5-DMW Doc 4 Filed 06/19/26 Entered 06/18/26 11:19:11 Page 10 of 23

<table>
<tr><td colspan="2">

**Fill in this information to identify the case:**

Debtor 1    Justin DeNardo

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court    **Eastern District of North Carolina**

Case number:  **26−00300**

</td></tr>
</table>

**FILED**

**U.S. Bankruptcy Court**
**Eastern District of North Carolina**

3/6/2026

**Stephanie J. Butler, Clerk**

## Official Form 410
## Proof of Claim

12/24

Read the instructions before filling out this form. **This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

C3 Rentals

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| C3 Rentals | _____ |
| Name | Name |
| Attn: Managing Officer/Agent 6116 U S Highway 98 Hattiesburg, MS 39402−8530 | |
| Contact phone    (629) 262−5027 | Contact phone _____ |
| Contact email    cgtatum@c3vllc.com | Contact email _____ |
| Uniform claim identifier (if you use one): _____ | |

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                              Proof of Claim                              page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____6418_____ |

7. **How much is the claim?**

$ _____1004.58_____

**Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Pre−petition arrears on trailer lease _____

9. **Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.
   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410−A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____

   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:** $ _____

   **Amount of the claim that is secured:** $ _____

   **Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:** $ _____

   **Annual Interest Rate** (when case was filed) _____ %

   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**

☐ No
☑ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____1004.58_____

11. **Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

| | | |
|---|---|---|
| Official Form 410 | Proof of Claim | page 2 |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply*: | Amount entitled to priority |
|---|---|---|

| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date     3/6/2026
_____
MM / DD / YYYY

/s/ Crystal Lemons
_____
Signature

Print the name of the person who is completing and signing this claim:

Name          Crystal Lemons
_____
First name     Middle name     Last name

Title          Paralegal
_____

Company        Pope/Partners, LLC.
_____
Identify the corporate servicer as the company if the authorized agent is a servicer

Address        2415 Moores Mill Rd., Ste. 265-201
_____
Number   Street

Auburn, AL 36830
_____
City   State   ZIP Code

Contact phone   (334) 539-8050      Email   crystal.lemons@popelawllc.com

# EXHIBIT C

Amended Proof of Claim No. 4, filed June 17, 2026, including Explanation of
Claim and Reservation of Rights

*DeNardo v. C3 Rentals, LLC  |  Adv. Proc. No. _____  |  Case No. 26-00300-5-DMW*

**Fill in this information to identify the case:**

Debtor 1    Justin DeNardo

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court    **Eastern District of North Carolina**

Case number:   **26−00300**

FILED

**U.S. Bankruptcy Court
Eastern District of North Carolina**

6/17/2026

**Stephanie J. Butler, Clerk**

## Official Form 410
# Proof of Claim

12/24

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

C3 Rentals

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

C3 Rentals

Name

Attn: Managing Officer/Agent
6116 U S Highway 98
Hattiesburg, MS 39402−8530

Contact phone    6292625027

Contact email    cgtatum@c3vllc.com

Uniform claim identifier (if you use one):

**Where should payments to the creditor be sent?** (if different)

Name

Contact phone

Contact email

**4. Does this claim amend one already filed?**

☐ No
☑ Yes. Claim number on court claims registry (if known)    4    Filed on   03/06/2026

MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

Official Form 410        Proof of Claim        page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: | 6418 |

| | | |
|---|---|---|
| 7. **How much is the claim?** | $ 18422.57 | **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

See attached

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410−A) with this *Proof of Claim*.
☐ Motor vehicle
☑ Other. Describe:   Trailer

**Basis for perfection:**   See attached

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $ 10000.00

**Amount of the claim that is secured:**   $ 18422.57

**Amount of the claim that is unsecured:**   $ 0.00   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $ 1004.58

**Annual Interest Rate** (when case was filed)   8.75 %

☑ Fixed
☐ Variable

| | | |
|---|---|---|
| 10. **Is this claim based on a lease?** | ☐ No<br>☑ Yes. **Amount necessary to cure any default as of the date of the petition.** | $<br>1004.58 |

| | | |
|---|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: | |

Official Form 410                              Proof of Claim                              page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No ☐ Yes. *Check all that apply*: | Amount entitled to priority |
|---|---|---|

| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b). If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571. | Check the appropriate box: |
|---|---|

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    6/17/2026

MM / DD / YYYY

/s/ C Jeremy Pope

Signature

Print the name of the person who is completing and signing this claim:

| Name | C Jeremy Pope |
|---|---|
| | First name    Middle name    Last name |
| Title | Attorney at Law |
| Company | Pope/Partners LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 2415 Moores Mill Rd, Suite 265-201 |
| | Number   Street |
| | Auburn, AL 36830 |
| | City   State   ZIP Code |
| Contact phone | 3345398050     Email    jeremy.pope@popelawllc.com |

## Exhibit B – Explanation of Claim and Reservation of Rights

### 26-00300 – DeNardo

C3 Rentals, LLC ("C3") leased certain personal property to the Debtor through a Rental Purchase Agreement pursuant to North Carolina law. While the Rental Purchase Agreement is a true lease, it allows for the Debtor to acquire ownership of the property after satisfying the applicable payment schedule contained therein. The Chapter 13 plan proposes to pay C3 the amount that would be required under the contract for the Debtor to acquire ownership, and C3 is willing to accept such treatment. Accordingly, for purposes of this case, and in the interests of judicial efficiency and the resources of the parties and Trustee, C3 is filing this proof of claim: (i) in an amount equal to the remaining total of periodic payments that would, should the lessee elect to proceed with such payments, be necessary for ownership transfer under the Rental Purchase Agreement, and (ii) in conformance with C3's treatment in the plan. C3 expressly reserves the right to amend this claim to conform with the terms of any amended plan, or as is otherwise lawful and appropriate.

# EXHIBIT D

Notice of Chapter 13 Bankruptcy Case (Official Form 309I), filed January 22, 2026

**United States Bankruptcy Court**
**Eastern District of North Carolina**
**Wilmington Division**

| | | |
|---|---|---|
| Debtor 1 | **Justin Colin DeNardo** | Social Security number or ITIN   **xxx-xx-7194** |
| | First Name    Middle Name    Last Name | EIN   _ _ - _ _ _ _ _ _ _ |
| Debtor 2 | | Social Security number or ITIN   _ _ _ _ |
| (Spouse, if filing) | First Name    Middle Name    Last Name | EIN   _ _ - _ _ _ _ _ _ _ |
| | | Date case filed for chapter   **13    1/22/26** |
| Case number:    **26-00300-5-DMW** | | |

## Official Form 309I

**Due to the public health crisis related to COVID19, the meeting of creditors will be conducted virtually as set forth in paragraph 7 below.**

# Notice of Chapter 13 Bankruptcy Case                                      10/20

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 14 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | About Debtor 1: | About Debtor 2: |
|---|---|---|
| **1. Debtor's full name** | Justin Colin DeNardo | |
| **2. All other names used in the last 8 years** | | |
| **3. Address** | 705 Autumn Leaves Ct<br>Wilmington, NC 28411-7783 | |
| **4. Debtor's attorney**<br>Name and address | Christopher T. Vonderau<br>Law Offices of Christopher T. Vonderau<br>4022 Shipyard Blvd.<br>Wilmington, NC 28403 | Contact phone: 910 202-3110 |
| **5. Bankruptcy trustee**<br>Name and address | Troy Staley<br>PO Box 1618<br>New Bern, NC 28563-1618 | Contact phone: 252-633-0074 |
| **6. Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | 300 Fayetteville Street, 4th Floor<br>P.O. Box 791<br>Raleigh, NC 27602 | Office Hours: 8:30 a.m. – 4:30 p.m.<br>Contact phone: 919-856-4752<br>Date: 1/22/26 |

**For more information, see page 2**

Debtor **Justin Colin DeNardo**                                          Case number **26-00300-5-DMW**

| | |
|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so.<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br>**Appear by Video − Meeting Information,,**<br>**http://www.nceba.uscourts.gov/zoom341s**<br><br>**February 17, 2026** at **09:30 AM**<br>*Please bring a government issued picture ID with you to the meeting of creditors. This ID is required for entry into the building.* |

**8. Deadlines**

The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines.

**Deadline to file a complaint to challenge dischargeability of certain debts:** Filing deadline: 4/20/26

**You must file:**
- a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or
- a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4).

**Deadline for all creditors to file a proof of claim (except governmental units):** Filing deadline: 4/2/26

**Deadline for governmental units to file a proof of claim:** 180 days from the date the case was filed.

**Deadlines for filing proof of claim:**
A proof of claim is a signed statement describing a creditor's claim. A proof of claim may be filed online at www.nceb.uscourts.gov by accessing the Proof of Claim section. Alternatively, a proof of claim form may be obtained from the same website and submitted by mail. *When filing electronically, it is not necessary to complete a paper claim form.*

If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

**Deadline to object to exemptions:**
The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection.

**Filing deadline:** 30 days after the *conclusion* of the meeting of creditors

**9. Filing of plan**
The debtor has filed a plan. The plan will be served separately by the debtor, and a certificate of service will be filed with the court. **Objections to confirmation of the plan must be in writing and filed at least 7 days before the date first scheduled for hearing on confirmation.**

If objections are timely filed, the hearing on confirmation will be held on **3/18/26** at **10:25 AM**
Location: **300 Fayetteville Street, 3rd Floor Courtroom, Raleigh, NC 27601**
If an amended plan is filed within 21 days of the confirmation hearing, a motion to continue must be filed if the new hearing information was not included within the amended plan.

**10. Creditors with a foreign address**
If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

**11. Electronic noticing**
Parties may opt to receive notices from the court via email rather than U.S. Mail. Register at https://bankruptcynotices.uscourts.gov.

**12. Filing a chapter 13 bankruptcy case**
Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise.

**13. Exempt property**
The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline.

**14. Discharge of debts**
Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline.

# EXHIBIT E

Email dated May 14, 2026 from Chip Estes, "Head Fraud Investigator," C3 Rentals, LLC

**M Gmail**                                               **Christopher Vonderau <nclaw98@gmail.com>**

# Fwd: Request to Resolve Trailer Account
1 message

**Justin** <justin.nautical@gmail.com>                              Thu, May 14, 2026 at 1:13 PM
To: Susan Vonderau <nclaw98b@gmail.com>

---------- Forwarded message ---------
From: **Chip Estes** <cestes@c3rmgmt.com>
Date: Thu, May 14, 2026 at 1:07 PM
Subject: Request to Resolve Trailer Account
To:


Valued C3 Rentals Customer,

My name is Chip Estes, and I am the Head Fraud Investigator for C3 Rentals, LLC. I am contacting you regarding a trailer currently rented through C3 Rentals, LLC.

At this time, rental payments have ceased, and the trailer has not been returned. Failure to return leased or rented property or resolve the outstanding balance will result in further legal review if this matter is not addressed promptly.

My goal is to resolve this matter voluntarily by bringing the account current. I understand that circumstances can arise that make continued payments difficult, and in some situations, surrender of the trailer may become necessary. However, communication and cooperation are critical in preventing further escalation.

You are respectfully requested to contact me immediately to arrange for the return of the trailer or to discuss options for bringing the account current. This is a time-sensitive matter that requires your prompt attention.

Please understand that continued failure to communicate or resolve this matter may result in the case progressing further into the investigative process and being referred for additional legal review.

You may reach me using the contact information below. If I am unavailable, please leave a voicemail or send a text message, and I will respond as soon as possible.

Thank you for your prompt attention and cooperation.

Chip Estes
Head Fraud Investigator

Case 26-00086-5-DMW   Doc 1   Filed 06/19/26   Entered 06/19/26 11:19:11   Page 22 of 23

C3 Rentals, LLC



**C3 Rentals, LLC.**
**Chip Estes, Fraud Investigator**
**Phone:** 629-262-1961
**Cell Phone:** 601-658-4629
**Web:** www.c3rentals.com
6116 Hwy 98 Hattiesburg, MS
39402



CONFIDENTIALITY NOTICE: The information contained in this electric message from C3 Rentals, LLC is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately by telephone at (601) 210-1961