UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| In Re:<br><br>JUSTIN COLIN DENARDO<br><br>Debtor. | Case No. 26-00300-5-DMW<br><br>Chapter 13 |
| JUSTIN COLIN DENARDO<br><br>Plaintiff,<br><br>v.<br><br>C3 RENTALS, LLC,<br><br>Defendant. | Adv. Pro. No. 26-00086-5-DMW |

**ANSWER AND AFFIRMATIVE DEFENSES OF C3 RENTALS, LLC**

Now comes Defendant C3 Rentals, LLC ("C3" or "Defendant") and hereby responds to Plaintiff's Complaint by generally denying all allegations except for those allegations specially admitted in the corresponding numbered paragraphs below.

**RESPONSES TO NUMBERED ALLEGATIONS**

1. Admitted that Plaintiff purports to seek relief for post-petition collection communications allegedly directed to Plaintiff after Defendant filed the Bankruptcy Case. The remaining allegations are denied.

2. Admitted that Defendant sent the text message dated April 30, 2026 which is attached to the Complaint as Exhibit A. Exhibit A is a writing, which is the best evidence of its contents and speaks for itself. The remaining allegations are denied.

3. Admitted that the text message referenced in Complaint ¶¶ 2 and 3 violated the automatic stay. Admitted that Plaintiff's Complaint seeks actual damages, attorney's fees and costs,

sanctions, injunctive relief, corrective relief, and punitive damages. Denied that Plaintiff is entitled to such relief.

4. Admitted.

5. The allegations in Paragraph 5 contain legal conclusions to which no response is required. To the extent a response is required, admitted that this Court has jurisdiction and that venue is proper.

6. Denied for lack of knowledge or information sufficient to form a belief about whether Plaintiff consents to the entry of final orders and judgment by this Court if any matter is determined to be non-core.

7. Denied for lack of knowledge or information sufficient to form a belief about whether the allegations are true or false.

8. Admitted that Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on January 22, 2026. Admitted upon information and belief that Plaintiff has been represented by undersigned counsel in the Bankruptcy Case. The remaining allegations are denied.

9. Admitted.

10. Admitted that Defendant is engaged in commerce and maintains collection operations. Admitted that the April 30, 2026 text message concerned Plaintiff's account. Denied that the April 30, 2026 text message was intentionally generated or sent with the intent to violate the automatic stay. The remaining allegations are denied.

11. Admitted. Proof of Claim No. 4 is a writing, which is the best evidence of its contents and speaks for itself.

12. Admitted that Proof of Claim No. 4 lists the notice, payment, telephone, and email information alleged in Paragraph 12. Proof of Claim No. 4 is a writing, which is the best evidence of its contents and speaks for itself.

13. Admitted. Proof of Claim No. 4 is a writing, which is the best evidence of its contents and speaks for itself.

14. The allegations in Paragraph 14 contain legal conclusions to which no response is required. To the extent a response is required, admitted that the filing of Plaintiff's bankruptcy petition gave rise to the automatic stay provided by 11 U.S.C. § 362(a).

15. Admitted that the Court issued a Notice of Chapter 13 Bankruptcy Case on January 22, 2026. The Notice is a writing, which is the best evidence of its contents and speaks for itself.

16. Admitted.

17. Admitted that Defendant, through its counsel or authorized agent, filed Proof of Claim No. 4 on March 6, 2026. Proof of Claim No. 4 is a writing, which is the best evidence of its contents and speaks for itself. The remaining allegations are denied.

18. Admitted. Proof of Claim No. 4 is a writing, which is the best evidence of its contents and speaks for itself.

19. Admitted that Defendant filed an amended Proof of Claim No. 4 on June 17, 2026. The amended proof of claim and its attachment are writings, which are the best evidence of their contents and speak for themselves. The remaining allegations are denied.

20. Admitted that Defendant, through its counsel or authorized agent, appeared at the February 17, 2026 meeting of creditors and filed Proof of Claim No. 4 on March 6, 2026. Admitted that Defendant had knowledge of the Bankruptcy Case before April 30, 2026. Admitted that Defendant filed an amended Proof of Claim No. 4 on June 17, 2026. The remaining allegations are denied.

21. Admitted that a text message dated April 30, 2026 is attached to the Complaint as Exhibit A. Exhibit A is a writing, which is the best evidence of its contents and speaks for itself. Denied that Defendant sent or caused to be sent the text message with the intent of violating the automatic stay. The remaining allegations are denied.

22. Admitted that the telephone number appearing in Exhibit A appears on Defendant's original and amended proofs of claim. Admitted that Exhibit A concerns the trailer-lease obligation. The original and amended proofs of claim and Exhibit A are writings, which are the best evidence of their contents and speak for themselves.

23. Admitted that the April 30, 2026 text message was automatically generated and sent in error. Admitted that information concerning Defendant's collection procedures, templates, software systems, and employee training is within Defendant's possession, custody, or control. Denied that the text message was sent or caused to be sent the text message with the intent of violating the automatic stay. Denied that the text message resulted from any policy, procedure, template, software system, or training intended to collect from debtors in bankruptcy or to disregard the automatic stay. The remaining allegations are denied.

24. Admitted that an email dated May 14, 2026 is attached to the Complaint as Exhibit E. Exhibit E is a writing, which is the best evidence of its contents and speaks for itself. Denied that Defendant was sent or caused to be sent the text message with the intent of violating the automatic stay. The remaining allegations are denied.

25. Admitted that Exhibit E contains the signature block, email address, physical address, and images described in Paragraph 25. Exhibit E is a writing, which is the best evidence of its contents and speaks for itself.

26. Admitted that the April 30, 2026 text message and the May 14, 2026 email were sent after the petition date and concerned Plaintiff's trailer-lease account. Denied that either communication was sent or caused to be sent the text message with the intent of violating the automatic stay. Denied that additional post-petition communications to Plaintiff concerning the account occurred. The remaining allegations are denied.

27. Admitted that Plaintiff's counsel notified Defendant concerning the April 30, 2026 text message and the May 14, 2026 email and that there were no further communications or attempts to

communicate with Plaintiff by Defendant following Plaintiff's counsel's communication to Defendant. Admitted that Defendant's response did not deny that post-petition communications had been sent to Plaintiff. The remaining allegations are denied.

28. Denied for lack of knowledge or information sufficient to form a belief about whether the allegations are true or false.

29. Defendant incorporates its responses to Paragraphs 1 through 28 as if fully set forth herein.

30. The allegations in Paragraph 30 contain legal conclusions to which no response is required. To the extent a response is required, admitted that Defendant had knowledge of the Bankruptcy Case no later than February 17, 2026. The remaining allegations are denied.

31. Admitted that Defendant violated the automatic stay by virtue of transmitting the April 30, 2026 text message and May 14, 2026 email.

32. Admitted that Defendant violated the automatic stay by virtue of transmitting the April 20, 2026 text message and May 14, 2026 email.

33. Admitted that the Defendant's admitted violation of the automatic stay is "willful" within the meaning of 11 U.S.C. § 362(k)(1).

34. Denied that Plaintiff suffered the damages claimed. Defendant received the May 14th email at 1:07 PM Eastern Time and, as reflected by Exhibit E to the Complaint, forwarded said email to his counsel six minutes later. Plaintiff's counsel forwarded said email to Defendant's counsel at 1:41 Eastern Time, thirty-four minutes after Plaintiff received it, and at 4:28 Eastern Time, barely three hours after the email was originally sent, Defendant's counsel replied to Plaintiff's counsel confirming that the email was sent by Defendant and stating as follows: "Please inform your client that [the email] was sent in error and that he should disregard it. To the extent that [your client] was damaged by receipt of [the email], please email me a summary of such damages and I will promptly arrange

appropriate review/cure." No subsequent correspondences were sent, or are alleged to have been sent, from Defendant to Plaintiff following Plaintiff's May 14 notice to Defendant.

35. Denied.

36. Defendant incorporates its responses to Paragraphs 1 through 35 as if fully set forth herein.

37. The allegations in Paragraph 37 contain legal conclusions to which no response is required. To the extent a response is required, denied.

38. Denied that sanctions, injunctive relief, corrective relief, preservation relief, or other relief are necessary, warranted, or available on the facts alleged. Denied that Defendant failed to take appropriate steps after being notified of the communications. The remaining allegations are denied.

39. The allegations in Paragraph 39 contain legal conclusions to which no response is required. To the extent a response is required, denied that Plaintiff is entitled to attorney's fees, costs, sanctions, corrective relief, or other relief.

## AFFIRMATIVE DEFENSES

### First Defense: Failure to Mitigate

To the extent Plaintiff sustained any compensable damages, attorney's fees, or costs, which Defendant denies, Plaintiff failed to take reasonable steps to avoid or minimize those amounts. Barely three hours after the email was originally sent, Defendant's counsel replied to Plaintiff's counsel confirming that the email was sent by Defendant and stating as follows: "Please inform your client that [the email] was sent in error and that he should disregard it. To the extent that [your client] was damaged by receipt of [the email], please email me a summary of such damages and I will promptly arrange appropriate review/cure." As such, Defendant promptly requested that Plaintiff identify damages so that Defendant could cure the violation, however, Plaintiff failed to provide such information prior to filing the Complaint. No subsequent collections correspondences were sent, or are alleged to have been sent, from Defendant to Plaintiff following Plaintiff's May 14 notice to Defendant

(the first notice that Defendant had of any violation). Any recovery under 11 U.S.C. § 362(k) and LBR 9011-3(b) should be reduced because of Plaintiff's refusal to allow Defendant to cure the alleged violation. Further, any recovery must be reduced or denied because Plaintiff's alleged damages, attorney's fees, or costs were unreasonable, unnecessary, disproportionate, reasonably avoidable or incurred after Defendant sought to resolve the matter without litigation.

**Second Defense: Lack of Causation and Proof of Damages**

Plaintiff's alleged damages, attorney's fees, and costs were not proximately caused by Defendant, are speculative, excessive, unsupported, or unreasonable, and must be proven with competent evidence. Defendant is not liable for damages or fees that resulted from Plaintiff's own acts, omissions, litigation choices, or failure to mitigate.

**Third Defense: Inadvertence, Prompt Correction, and No Continuing Conduct**

The communications were inadvertent, ceased after notice, and were promptly acknowledged and addressed. The absence of continuing conduct, together with Defendant's prompt corrective response, limits any available relief and defeats the need for injunctive, coercive, or corrective relief.

**Fourth Defense: No Basis for Punitive Damages**

Defendant did not act maliciously, recklessly, egregiously, or with an intentional purpose to violate the automatic stay. The isolated and inadvertent communications, followed by prompt acknowledgment and attempted cure, do not support punitive damages.

**Fifth Defense: No Basis for Injunctive, Corrective, or Prospective Relief**

Plaintiff has an adequate remedy at law, and there is no ongoing conduct or real and immediate threat of recurrence warranting injunctive, corrective, or other prospective relief. The requested relief is unnecessary, overbroad, or moot.

**Sixth Defense: No Independent or Duplicative Recovery Under 11 U.S.C. § 105(a) or Inherent Authority**

Section 105(a) and the Court's inherent authority do not provide Plaintiff an independent basis to obtain duplicative damages, sanctions, attorney's fees, or other relief beyond that authorized by applicable substantive law.

**Seventh Defense: Failure to State a Claim for Certain Requested Relief**

Even if the Complaint states a claim for some relief under 11 U.S.C. § 362(k), it fails to allege facts sufficient to support punitive damages, broad injunctive relief, sanctions under 11 U.S.C. § 105(a), or sanctions under the Court's inherent authority.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court:

1. Deny Plaintiff's requests for punitive damages, sanctions, injunctive relief, and other corrective relief;

2. Limit any award of actual damages, attorney's fees, and costs to amounts proven by competent evidence to have been reasonable, necessary, proximately caused by Defendant, and not reasonably avoidable;

3. Reduce or deny any recovery based on Plaintiff's failure to mitigate damages;

4. Award Defendant its costs to the extent permitted by law; and

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted, this 19th day of August, 2026.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ James S. Livermon, III
James S. Livermon (State Bar No. 26492)
Email: charlie.livermon@wbd-us.com
Eudora F. S. Arthur (State Bar No. 59854)
Email: dorie.arthur@wbd-us.com
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601

Telephone: 919-755-2148

*Counsel for C3 Rentals, LLC*

CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record, including:

Christopher T. Vonderau, Esq.
The Law Offices of Chris Vonderau, PLLC
Counsel for Plaintiff
*Via CM/ECF*

/s/ Eudora F. S. Arthur
Eudora F. S. Arthur